IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                    Case No. 11 MJ 13

**MAURICE TAYLOR**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Violation of Speedy Trial. The Court has reviewed the parties' submissions and finds that the Motion will be denied.

Defendant first appeared before the Court on January 3, 2011. On January 11, 2011 counsel for Defendant moved for a psychiatric evaluation, the Court granted the motion and stayed the proceedings pending the evaluation's outcome. On January 28, 2011 the Court found Defendant incompetent to stand trial and remanded him to the custody of the Attorney General for further evaluation and treatment, pursuant to 18 U.S.C. § 4241(d). *See* Doc. 14.

Defendant was ordered into the custody of the Attorney General on February 4, 2011. *See* Doc. 15. He did not arrive at the Federal Medical Center in Butner, North Carolina (Butner) until May 10, 2011, 96 days after the order for further evaluation was entered.

The Speedy Trial Act (the Act), 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of his indicctment or initial court appearance, whichever is later. 18 U.S.C. § 31616(c)(1). The Act excludes several categories of delays when calculating the 70-day period. 18 U.S.C. § 3161(h). If a defendant is not brought to trial within 70 non-excludable days, the

indictment must be dismissed. 18 U.S.C. § 3162(a)(2). Defendant moves for dismissal pursuant to 18 U.S.C. § 3161(h)(1)(F) (formerly (H)), which provides in pertinent part:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

The Government argues that 18 U.S.C. § 3161(h)(4), which excludes from the time calculation "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial[,]" takes precedence over the 10-day rule cited above. That appears to be the majority opinion of the courts that have decided the issue. That is, the 10-day period does not apply after a finding of incompetence. *See United States v. Bauman*, 2008 WL 5111135, *2 (D. Kan. 2008) (unpublished opinion)(citing cases). This Court agrees with the majority and finds that 18 U.S.C. § 3161(h)(1)(F) is not applicable under the facts of this case. Accordingly, Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Violation of Speedy Trial [Doc. 20] is denied.

Hon. Alan C. Torgerson
United States Magistrate Judge